IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:21-cv-451 |
| **DRAGON RIG SALES AND SERVICE, LLC** and **THE MODERN GROUP, LTD.** | § § § § | |
| Defendants. | § | **JURY TRIAL DEMANDED** |

ORIGINAL COMPLAINT
OF THE
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NATURE OF THE ACTION

1. This is an action under Title I of the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Charging Party Alexander Dare ("Charging Party" or "Dare"). As alleged with greater particularity in paragraphs 19-28 below, Defendants Dragon Rig Sales and Service, LLC and The Modern Group, Ltd. (collectively "Defendants") have engaged in discrimination against Charging Party by withdrawing a conditional offer of employment and failing to hire him because of his disabilities.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as

amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. The unlawful employment practices alleged in this complaint were committed within the jurisdiction of the United States District Court for the Eastern District of Texas, Beaumont Division. Venue is appropriate in this Court.

## PARTIES

4. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. At all relevant times, Defendant Dragon Rig Sales and Service, LLC has continuously been a Texas corporation with its principal address at 1655 Louisiana Street, Beaumont, Texas 77701, doing business in the State of Texas, including in the City of Victoria, County of Victoria, at 1203 Industrial Park Dr., Victoria, Texas 77905.

6. At all relevant times, Defendant The Modern Group, Ltd. has continuously been a Texas corporation with its principal address at 1655 Louisiana Street, Beaumont, Texas 77701, doing business in the State of Texas, including in the City of Victoria, County of Victoria, at 1203 Industrial Park Dr., Victoria, Texas 77905.

7. At all relevant times, each Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

8. At all relevant times, each Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2), and has continuously had, or during the relevant time period had, at least fifteen (15) employees.

9. Defendant Dragon Rig Sales and Service, LLC is a subsidiary of Defendant The Modern Group, Ltd. All the acts and failures to act alleged in this Complaint were performed by and attributable to each of the two Defendants, as an integrated enterprise. The two Defendants operate, or operated during the relevant time period, as an integrated enterprise in that they operate, or operated during the relevant time period, out of the same corporate headquarters with shared personnel, policies and management, and have, or had during the relevant time period, interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

10. Defendant Dragon Rig Sales and Service, LLC's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

11. Defendant The Modern Group, Ltd.'s registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701.

## ADMINISTRATIVE PROCEDURES

12. More than thirty days prior to the institution of this lawsuit, Dare filed a charge of discrimination with the Commission alleging violations of the ADA by Defendants.

13. On September 8, 2020, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that the ADA was violated. The Commission then invited Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

14. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the discriminatory practices described in the Letter of Determination.

15. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

16. On November 5, 2020, the Commission issued to Defendants a Notice of Failure of Conciliation.

17. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

18. Defendants are part of the commercial & industrial equipment rental & leasing industry, and they provide equipment to energy and industrial service companies. Defendants have a workforce of at least 3,000 employees at a minimum of 85 different locations.

19. Since at least February 2019, Defendants have engaged in unlawful employment practices on the basis of disability in violation of Section 102(a) of the ADA, 42 U.S.C. §§ 12112(a).

20. Dare is a qualified individual with two disabilities under Sections 3(1)(A) & (B) and 101(8) of the ADA, 42 U.S.C. §§ 12102(1)(A) & (B) and 12111(8), in that he has an impairment, opioid addiction, for which he is in recovery, and an impairment, anxiety, both of which substantially limit a major life activity, brain function. Dare also has a record of opioid addiction. Dare was able to perform the essential functions of the job of welder with or without an accommodation. Defendants were aware of Charging Party's disabilities.

21. Charging Party applied for an open welder position with Defendants on or about February 27, 2019. At the time he applied for the position, Dare had 13 years' experience as a welder. For those full 13 years, Dare had been prescribed medication for his disability, anxiety,

and for the last seven of those 13 years, he had been prescribed medication as part of his recovery from opioid addiction, also a disability under the ADA.

22.     Dare was interviewed by Defendants' Operations Supervisor who determined that he demonstrated the necessary skills, experience, and preliminary qualifications for the welder position. The Operations Supervisor made a conditional job offer to Dare on the spot and directed him to undergo the company's required drug screen and medical examination.

23.     The drug screen and medical examination were administered by Texas Health Center, P.A. in Victoria, and reviewed by a Medical Review Officer (MRO). Dare tested negative on the drug screen because he provided prescriptions for his medications.

24.     Nevertheless, without interviewing, examining or otherwise communicating with Charging Party, the MRO informed Defendants that, although Dare's drug screen was negative, his prescribed medications and their dosages would impair his ability to perform a safety-sensitive position or to operate equipment.

25.     Without conducting any further inquiry or engaging in an interactive process with Charging Party, and based solely on the MRO's conclusory statements, Defendants' Human Resources representative and General Manager made the decision to withdraw the conditional offer of employment to Dare.

26.     The adverse employment decision was communicated to Charging Party by the Operations Supervisor, who specifically told Dare that he could not be hired because he was on a certain medication. The Operations Supervisor told Dare, "If you get off that shit, I'll hire you." When Dare attempted to discuss his ability to perform the job despite or with the use of his medications, the Operations Supervisors refused to engage in any such discussion.

27. Defendants subjected Dare to an adverse employment action – withdrawal of a conditional job offer and failure to hire – because of his actual disabilities or record thereof in violation of Sections 102(a) and (b)(1) of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1).

28. The effect of these unlawful practices has been to deprive Dare of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because of one or both of his disabilities within the meaning of the ADA.

29. As a result of Defendants' unlawful actions, Dare suffered back pay losses, as well as pecuniary and non-pecuniary losses and damages.

30. The unlawful employment acts, omissions and practices complained of in paragraphs 19-28 above were intentional within the meaning of Section 706(g)(1) of Title VII, 42 U.S.C. § 2000e-5(g)(1), as incorporated by Section 107(a) of the ADA, 42 U.S.C. § 12117(a).

31. The unlawful employment practices complained of in paragraphs 19-28 above were done with malice or with reckless indifference to Dare's federally protected rights, within the meaning of Section 102(b)(1) of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Alexander Dare by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of their unlawful employment practices described in paragraphs 19-28 above, including, but not limited to, reinstatement of Alexander Dare, where appropriate, or an award of front pay, in an amount to be proved at trial, if reinstatement is impractical.

D.   Order Defendants to make whole Alexander Dare by providing compensation for past and future pecuniary losses resulting from their unlawful employment practices described in paragraphs 19-30 above, including, but not limited to, the value of lost insurance benefits, job search expenses, and other out-of-pocket expenses in amounts to be determined at trial.

E.   Order Defendants to make whole Alexander Dare by providing compensation for past and future non-pecuniary losses resulting from their unlawful practices complained of in paragraphs 19-30 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendants to pay Alexander Dare punitive damages for their malicious and reckless conduct, as described in paragraphs 19-31 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION

GWENDOLYN YOUNG REAMS
General Counsel

ROBERT CANINO
Acting Deputy General Counsel

        U.S. Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C. 20507

        RUDY SUSTAITA
        Regional Attorney

        KATHY D. BOUTCHEE
        Supervisory Trial Attorney
        U.S. Equal Employment Opportunity Commission
        1919 Smith Street, 6th floor
        Houston, Texas 77002

        /s/ Claudia Molina-Antanaitis
        CLAUDIA MOLINA-ANTANAITIS
        Senior Trial Attorney
        Attorney-in-Charge
        Maryland Bar No. 0212180252
        U.S. Equal Employment Opportunity Commission
        1919 Smith St., 6th Floor
        Houston, Texas 77002
        (346) 327-7711
        (713) 651-7995 [facsimile]
        claudia.molina@eeoc.gov