IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. 1:21-CV-451 |
| DRAGON RIG SALES AND SERVICE, LLC and THE MODERN GROUP, LTD. | | |
| Defendants. | | |

**CONSENT DECREE**

THIS CONSENT DECREE is made and entered into by and between Plaintiff, U.S. Equal Employment Commission ("EEOC" or "Plaintiff"), and Defendants, The Modern Group, Ltd. ("TMG") and Dragon Rig Sales and Service, LLP ("Dragon Rig") (collectively "Defendants") (Plaintiff and Defendants are collectively referred to herein as "the Parties"), with regard to the EEOC's Complaint (the "Complaint"), filed in the above-entitled Civil Action No. 1:21-cv-00451, in the United States District Court for the Eastern District of Texas, Beaumont Division (the "Lawsuit"). The Complaint was based on a Charge of Discrimination (the "Charge") filed by Alexander Dare ("Dare" or "Charging Party") under Charge No. 846-2019-10607.

**I.
STIPULATIONS AND AGREEMENTS**

**Claims.** The Complaint filed by the EEOC alleges that Defendants violated the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101, *et seq.,* by failing to hire Dare, a qualified individual with disabilities, because of his disabilities and the medications used to treat his disabilities. The EEOC also alleges that Defendants relied on its medical review officer's

1

opinion that Dare was a safety risk without first performing an individualized assessment of Dare's then-present ability to safely perform the essential functions of the job of welder, as required by the ADA. Defendants denied the claims and allegations alleged in the Charge and the Complaint. This Consent Decree ("Decree") does not constitute an admission of liability or wrongdoing.

**Jurisdiction and Venue.** The Parties stipulate that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper in this Court, and that all administrative prerequisites have been satisfied.

**All Terms and Conditions Set Forth Herein.** The Parties agree to compromise and settle the differences embodied in the Charge, the Complaint, the Answer, and this Lawsuit, and intend that all the terms and conditions of the compromise and settlement between the Parties be set forth in this Decree.

In consideration of the agreements and stipulations set forth in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, and the Court **ORDERS** that:

## II.
## RESOLUTION AND RELEASE OF ALL CLAIMS

1. **Resolution of All Claims.** This Decree resolves all issues and claims arising out of the Charge, the Complaint, the Answer, and this Lawsuit, other than any litigation filed to enforce the terms of this Decree. This Decree in no way affects the EEOC's right to process, investigate and/or litigate any other charges of discrimination against one or both Defendants other than the above-referenced Charge, and the EEOC makes no waiver of such right. This Decree is not an admission of liability by Defendants.

2. **Release of Claims.** Charging Party has executed a Release of Claims, in which he has, in consideration for receipt of the Settlement Payments (described below), agreed to waive

his right to recover for any claims of disability discrimination under the ADA against Defendants that accrued prior to the date of the release and that were included in the claims alleged in the Lawsuit. The Release of Claims is appended hereto as **Exhibit "A"** and is incorporated herein.

### III.
### PROHIBITIONS AGAINST DISCRIMINATION

3. **Prohibition Against Disability Discrimination.** Defendants shall not engage in any employment practice that violates the ADA including, but not limited to, failing to hire an applicant because of disability or determining that an applicant or employee is a safety threat without first completing an individualized assessment of any risk posed by the applicant or employee.

4. **Prohibition Against Discrimination Based On Medication Use to Treat Disabilities.** Defendants shall not discriminate against individuals who take medications to treat Opioid Use Disorder (OUD) or other mental or physical disabilities, including, but not limited to, refusing to consider applicants on the basis that they are taking prescription medications used to treat OUD or other mental or physical disabilities, or automatically excluding applicants for employment because they test positive for medications for which they have prescriptions without individually assessing that individual's ability to perform the essential functions of the job.

5. **Prohibition Against Retaliation.** Defendants shall not engage in any employment practice that retaliates against an applicant or employee who in good faith, exercises their right to resist, complain about, and/or otherwise oppose what they reasonably believe is unlawful discrimination, or to request an accommodation.

## IV.
## SETTLEMENT PAYMENT

6.      **Settlement Amount.** Defendants shall pay Dare the total sum Thirty-Five Thousand and 00/100 Dollars ($35,000.00) (the "Settlement Amount") in full and final settlement of all claims which were or could have been raised in the Charge or the Lawsuit in the form of two (2) checks (the "Settlement Checks"), as set forth at paragraphs 7-8 below.

7.      **Settlement Check for Back Pay.** The first check from the Settlement Amount shall be for the sum of Four Thousand and 00/100 Dollars ($4,000.00) and is intended by the Parties to compensate Dare for back pay and/or lost wages and benefits associated with the EEOC's claims against Defendants, and thus, may be subject to withholding of applicable federal payroll and income taxes, and shall be made payable to "Alexander Dare."

8.      **Settlement Check for Section 1981a Damages.** The second check from the Settlement Amount shall be for the sum of Thirty-One Thousand and 00/100 Dollars ($31,000.00) and is intended by the Parties to compensate Dare for losses associated with the EEOC's Section 1981a damages claims against Defendants, including, but not necessarily limited to, compensation for Dare's past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, and mental anguish, and thus, shall not be subject to any withholdings of any taxes by Defendants and shall be made payable to "Alexander Dare."

9.      **Delivery of Settlement Checks.** Within ten (10) days of the entry of this Decree, Defendants shall deliver the Settlement Checks described in paragraphs 7-8 above directly to Charging Party at the address provided by the EEOC by overnight mail through the U.S. Postal Service, the United Parcel Service, Federal Express, or a comparable service provider, at Defendants' cost or expense. Within five (5) business days of the delivery of the Settlement Checks

to Charging Party, a copy of each executed Settlement Check shall be provided to the EEOC to certify that the payments have been made by Defendants.

10. **Federal Incomes Taxes for Settlement Amount.** The Parties recognize that a portion of the Settlement Amount may be subject to federal income taxes in addition to the withholding specified in paragraph 6 above. Charging Party shall be responsible for paying all additional taxes owed. For the amount of back pay specified in paragraph 7, Defendants will issue and mail to Dare an individual Internal Revenue Service Form W-2 or a form 1099 by January 31st of the year following the payment of this Settlement Check. For the amount of Section 1981a damages specified in paragraph 8, Defendants shall issue and mail to Dare an individual Internal Revenue Service Form 1099-MISC by January 31st of the year following the payment of this Settlement Check.

11. **EEOC's Reporting Requirements Under IRS Sections 162(F) And 6050x.** The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

12. **Defendants' Information.** Within seven (7) days of the entry of this Decree, Defendants agree to provide, both in the manner specified for notice in this Decree and through the EEOC Respondent Portal, 1) the issuing Defendant's EIN and 2) the individual and physical address to whom the EEOC should mail the copy of the Form 1098-F, if the EEOC is required to issue one. This identified individual must be an employee of one or both Defendants.

13. **No Representation by the EEOC.** The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under

the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

14. **Not Acting in Reliance on IRS Deduction.** The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

15. **Accrual of Interest for Non-Payment.** In the event either Settlement Check described in paragraphs 7-8 above is not timely paid, as described in paragraph 9 above, interest shall immediately accrue on the relevant portions(s) of the Settlement Amount at the then-current IRS failure-to-pay penalty rate and shall be immediately owed to Charging Party by Defendants. Interest in an amount of no less than thirty (30) days shall be paid by Defendants for the initial and each subsequent period of delinquency of one (1) to thirty (30) days.

## V.
## NOTICE OF NON-DISCRIMINATION

16. **Posted Notice.** Defendants shall, within thirty (30) days after entry of this Decree, conspicuously and prominently post at all TMG and Dragon Rig office locations, in one or more places that are easily accessible by employees, one or more copies of the Notice appended hereto as **Exhibit "B,"** which sets forth generally the requirements of the ADA, including reasonable accommodation and the individualized process for assessing potential safety threats, as well as the ADA's prohibitions against disability discrimination and retaliation for engaging in protected activity. The Notice shall be signed by an officer of one or both Defendants and shall be at least 8½ by 11-inches in size. In addition, the Notice shall be posted online through Defendants' intranet

and/or internet address where it is accessible to applicants and employees of each Defendant. The Notice shall remain physically posted and posted online for the full term of this Decree. Within five (5) business days of posting the Notice, Defendants shall certify to the EEOC in writing that this requirement has been accomplished.

## VI.
## DISCRIMINATION POLICIES

**17.** **Revision of Policies.** Within sixty (60) days after entry of this Decree, Defendants shall review its workplace discrimination policies, complete a revision of the policies, and provide a copy of its draft revisions to the EEOC for review and comment. The EEOC may submit to Defendants any requested modifications or revisions to the revised policies. Any disagreement over policy language will be negotiated between the parties. Once the revisions are satisfactory to all parties, Defendants will implement the revised policies.

**18.** **Required Revisions.** Defendants' policy revisions shall comply with federal workplace discrimination laws and include, at minimum, the following:

- A. All EEO policies and procedures prohibiting discrimination against employees and applicants for employment with respect to hiring, compensation, promotion, termination, and other terms, conditions or privileges of employment shall specifically prohibit discrimination because of an applicant or employee's disability.

- B. Defendants shall also provide an explanation, with examples, as to what constitutes disability discrimination under the ADA.

- C. Defendants' ADA policies shall include the definition of "disability" and "qualified individual with a disability" under the ADA, with examples of both physical and mental disabilities.

- D. Defendants' ADA policies shall include an explanation as to what constitutes a safety risk as a result of a disability and how a situation potentially including a safety risk should be handled, including the need to engage in an individualized assessment of the applicant or employee's then-present ability to perform the

        essential functions of the job, which may or may not include a medical evaluation or assessment.

    E.    All policies governing requests for reasonable accommodations and guidelines for considering and granting accommodations under the ADA shall specifically describe the rights of employees to make such requests, the process for making the request, including the identity of the person, by name and/or title, to whom such a request should be made, and the criteria for consideration of such requests.

    F.    All policies shall prohibit retaliation for complaining about unlawful discrimination or harassment, shall specifically prohibit retaliation for making a complaint about disability discrimination and/or failure to accommodate, and/or for making a complaint to the EEOC or comparable state Fair Employment Practices agency.

    G.    All discrimination and retaliation policies shall include a statement that an officer, supervisor, or employee found to have engaged in discrimination or retaliation will be subject to discipline, up to and including termination.

**19.** **Distribution of Policies.** Within thirty (30) days of revising the policies and procedures described in paragraph 18, as mandated by paragraph 17, and updating their handbook, Defendants shall distribute, electronically or by hard copy, the updated handbook and all such policies and procedures within their workplaces in accordance with paragraph 21 of this Decree. Defendants shall provide written notification to the EEOC of the distribution described in this paragraph within ten (10) days following the distribution.

## VII.
## TRAINING

**20.** **Management Training.** Defendants' human resources, management, and supervisory personnel shall attend annual professional training regarding employment discrimination, including ADA definitions and prohibitions regarding discrimination and retaliation, reasonable accommodation requirements, and bias towards individuals with disabilities. The training shall be conducted by an outside attorney with at least four years' experience in employment law, and specifically, the ADA. The training shall be at least one (1)

hour in duration. As part of the training, all trainees shall be advised that failure to comply with Defendants' EEO policies, procedures, and guidelines, or with the ADA within the workplace, may be grounds for serious discipline, up to and including suspension, demotion or discharge depending on the degree of misconduct.

21. **Employee Notices.** Defendants shall also provide its updated handbook and policies prohibiting discrimination and retaliation, to all existing employees of Defendants, as well as all employees hired during the term of this Decree. As described in Section VI of this Decree, the policies shall advise all such employees of their rights under employment anti-discrimination/EEO laws, including ADA definitions and prohibitions regarding discrimination, harassment and retaliation, reasonable accommodation requirements, and bias towards individuals with disabilities. All existing employees, and all employees hired during the term of this Decree, must acknowledge in writing receipt of the updated handbook and policies prohibiting discrimination and retaliation, and each acknowledgement shall be maintained in the relevant employee's personnel file.

22. **Curriculum and Trainer Information to Be Provided to EEOC.** At least thirty (30) days prior to the initial training sessions described in paragraph 20 of this Decree, Defendants shall provide to the EEOC: (1) the name of the instructor(s) conducting the training sessions, his or her (or their) title(s) or affiliation(s), and his or her (or their) qualifications for conducting the training; and (2) a copy of the curriculum(s) to be utilized. The EEOC will have twenty (20) days from receipt of this information to notify Defendants of any issues concerning the instructor(s) and/or the curriculum(s) which need to be changed. Defendants shall work cooperatively with the EEOC to resolve any such issues, if any, within fifteen (15) days of notification by the EEOC. If the instructor(s) and/or curriculum(s) utilized for any future training session changes, Defendants

shall submit this information to the EEOC for review in the same manner and within the same timeframes described in this paragraph.

23. **Schedule for Training Sessions.** The first sessions of the trainings described in paragraph 20 shall be conducted within ninety (90) days following entry of this Decree, with additional sessions under each paragraph to be conducted annually with the third and final sessions to be conducted sixty (60) days prior to expiration of the term of this Decree.

24. **Written Acknowledgment of Training.** No more than thirty (30) days after each training session described in paragraph 20 of this Decree is conducted, Defendants shall provide a written acknowledgment of receipt of such training by each attendee to the EEOC. The acknowledgement shall include the name of each attendee, his or her job title, the training session he or she attended, and the date on which he or she attended the training session. Defendants may utilize a group sign-in sheet or an Excel spread sheet for this purpose.

## VIII.
## PROTECTION OF CHARGING PARTY'S INFORMATION

25. **Segregation of Files.** Within thirty (30) days after the entry of this Decree, Defendants shall segregate all files pertaining to Dare, or relating to the Charge, the Lawsuit, this Decree, and the facts and circumstances which form the basis for the Charge, the Lawsuit, and the Decree. Defendants shall report compliance to the EEOC within ten (10) days after they has complied with this paragraph.

26. **Non-Disclosure of Information.** Information obtained during or as a result of discovery in this case shall remain confidential and shall not be disclosed to any third parties except as required by law. Paragraphs 16 and 17 of the Protective Order entered in this case (Doc. No. 35) shall apply to the disposition of documents produced or obtained during this lawsuit.

## IX.
## ENFORCEMENT; BREACH AND OPPORTUNITY TO CURE

27. **Jurisdiction to Enforce Compliance.** During the term of this Decree, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate.

28. **Opportunity to Cure Breach for Non-Payment.** If Defendants fail to timely pay either Settlement Check from the Settlement Amount, as specified in paragraphs 5-8 above, or otherwise fail to comply with those paragraphs, the payment shall be considered as past due and the EEOC shall be authorized to seek relief for such failure and for enforcement of this Decree in the United States District Court, with five (5) business days-notice to and an opportunity to cure by Defendants. If Defendants do not cure the non-payment within five (5) days of the notice, the EEOC is authorized to seek court enforcement without further notice to Defendants. If either Settlement Check described in paragraphs 7-8 above is returned by Defendants' financial institution as unpaid for any reason, including insufficient funds, the payment shall be considered to be past due and all available remedies for past due payments set forth in this paragraph shall accrue to the EEOC.

29. **Opportunity to Cure All Other Breaches.** For any breach alleged by the EEOC other than non-payment of any portion of the Settlement Amount, the EEOC will provide notice to Defendants of the breach and Defendants will then have ten (10) business days for the opportunity to investigate and cure such breach. Should the parties be unable to resolve a breach or other dispute regarding this Decree, and/or the EEOC otherwise assesses that compliance has not been achieved, the EEOC is specifically authorized to seek Court-ordered enforcement of this Decree.

30. **Sanctions.** The EEOC may seek contempt sanctions for non-payment and/or other non-compliance with this Decree.

# X.
# DEFENDANTS' LIAISON

31. **Designation of Defendants' Liaison with the EEOC.** Within ten (10) days of entry of this Decree, Defendants shall designate a Liaison to communicate with the EEOC as required under this Decree. The Liaison is charged with ensuring Defendants' compliance with the terms and conditions of this Decree, and any act or failure to act by the Liaison shall be attributable to Defendants. The Liaison shall report to the EEOC, in writing, Defendants' compliance obligations under paragraphs 9, 12, 16, 17, 19, 21, 22, 24, and 25 of this Decree. The Liaison shall also receive all notices of noncompliance and other communications that the EEOC may issue under paragraphs 15, 17, 22, 28, and 29 of this Decree. Within fifteen (15) days of the removal, resignation, or incapacitation of the Liaison, Defendants must designate a new liaison and provide the information required by paragraph 31.

32. **Manner of Designation.** Once Defendants designate a Liaison, Defendants shall provide the EEOC the Liaison's name, job title, business address, email address, and telephone number, and a declaration by the Liaison, stating that he or she:

(a) Has authority to act on Defendants' behalf with regard to this Decree;

(b) Is responsible for Defendants' compliance with the terms of this Decree, and with the reporting obligations under paragraphs 9, 12, 16, 17, 19, 21, 22, 24, and 25 of this Decree and shall receive notices of noncompliance and other communications that the EEOC may issue under paragraphs 15, 17, 22, 28, and 29; and

(c) Understands that any act or failure to act by the Liaison under this Decree will be attributable to Defendants.

# XI.
# COMMUNICATIONS WITH THE EEOC

33. **Notices to EEOC.** Defendants shall transmit, through their designated Liaison, all reports, notices, declarations, certifications, acknowledgments, and other communications required by this Decree to Connie W. Gatlin, Senior Trial Attorney, or her designee, at the Equal Employment Opportunity Commission, 1919 Smith St., 6th Floor, Houston, Texas 77002, connie.gatlin@eeoc.gov, by U.S. mail or by email. The EEOC may add or remove contact persons/addresses from this designation at any time with notification to Defendants' Liaison.

34. **Reporting Policy Changes.** If Defendants enact, revoke, or modify any anti-discrimination policies or procedures during the term of the Decree, this information shall be provided to the EEOC on an annual basis.

# XII.
# TIME PERIODS

35. **Term of Decree.** The term of this Decree shall be three (3) years, which will commence on the date this Decree is entered by this Court.

36. **Calculation of Time Periods.** All time periods referenced in this Decree shall be measured in calendar days unless otherwise noted.

# XIII.
# MISCELLANEOUS PROVISIONS

37. **Successors-in-Interest.** This Decree shall be binding on Defendants, all successors and assigns of Defendants, and all successors-in-interest to the business owned or managed by Defendants. Therefore, Defendants shall notify all such successors-in-interest or potential successors-in-interest of the existence and terms of this Decree by providing them with a copy of the Decree prior to any sale, acquisition, or merger of TMG and/or Dragon Rig with any other

company or business entity. This paragraph shall not limit any remedies available to the EEOC pertaining to a violation of breach of this Decree.

38.     **Severability.** If any provision of this Decree is held to be invalid, the remaining provisions shall remain enforceable.

39.     **No Implied Waiver.** The EEOC's failure to timely exercise a right or to timely perform an obligation under this Decree shall not operate as a waiver by the EEOC of any future timely exercise of such right or timely performance of such obligation.

40.     **Costs and Attorney's Fees.** Each party to this action shall bear its own costs and attorney's fees.

SIGNED at Beaumont, Texas, this 14th day of May, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

## RELEASE OF CLAIMS

In consideration for the sum of Thirty-Five Thousand and 00/100 Dollars ($35,000.00) paid to me by The Modern Group, Ltd. and Dragon Rig Sales and Service, LLC. in connection with the Resolution of *Equal Employment Opportunity Commission (EEOC) v. Dragon Rig Sales and Service, LLC and The Modern Group, Ltd.*, Civil Action No. 1:21-CV-451, In the United States District Court for the Eastern District of Texas, Beaumont Division, I, Alexander Dare, waive my right to recover for any claims of disability discrimination, including failure to hire, arising under the Americans with Disabilities Act, as amended (ADA), 42 U.S.C. § 12101, *et seq.*, that I had against The Modern Group, Ltd. and Dragon Rig Sales and Service, LLC. prior to the date of this release and that were included in the claims alleged in the EEOC's Complaint in Equal Employment Opportunity Commission (EEOC) v. Dragon Rig Sales and Service, LLC and The Modern Group, Ltd., Civil Action No. 1:21-CV-451, In the United States District Court for the Eastern District of Texas, Beaumont Division.

Date: 5-9-24    Signature: *Alexander Dare*

Printed Name: Alexander Dare

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Houston District Office**

Mickey Leland Building
1919 Smith Street, 7th Floor
Houston, TX 77002
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Houston Direct Dial: (346) 327-7700
FAX (713) 651-4902
Website: www.eeoc.gov

## NOTICE TO EMPLOYEES OF THE MODERN GROUP, LTD. AND DRAGON RIG SALES AND SERVICE, LLC REGARDING THE AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

The Americans with Disabilities Act of 1990, as amended ("ADA"), a federal law, prohibits discrimination and harassment against any employee or applicant with The Modern Group, Ltd. ("TMG") and Dragon Rig Sales and Service, LLC ("Dragon Rig") with respect to hiring, compensation, promotion, termination, and other terms, conditions, or privileges of employment, because of the applicant or employee's physical or mental disability.

A qualified individual with a disability cannot be denied employment by TMG or Dragon Rig because of that individual's disability unless that individual is determined, after an individualized assessment, to create a direct threat or safety risk to the workplace and/or that individual's disability cannot be reasonably accommodated. TMG's or Dragon Rig's failure to provide an accommodation to a qualified applicant or employee with a disability may violate the ADA.

The ADA also prohibits retaliation against any employee or applicant who, in good faith, exercises their right to resist, complain about, and/or otherwise oppose what they reasonably believe is unlawful discrimination, or to request an accommodation. Any applicant or employee who wishes to complain of illegal discrimination or retaliation is advised to report such conduct to _____ at [phone number] and/or [email].

An employees or applicant who believes they have been subjected to illegal employment discrimination, failure to accommodate, or retaliation may also contact the U.S. Equal Employment Opportunity Commission (EEOC) at (800) 669-4000, www.eeoc.gov.

A more detailed description of The Modern Group, LLC and Dragon Rig Sales and Service, LLC's prohibitions against disability discrimination and procedures for requesting an accommodation, are set forth in _____, including policies governing EEO, Prohibitions on Discrimination, Harassment and Retaliation, and Accommodations.

An applicant or employee of The Modern Group, Ltd. or Dragon Rig Sales and Service, LLC may receive a hard copy of this notice or _____ at any time by requesting it from the company's Human Resources Department.

_____
Printed Name:
Title:
SIGNED this _____ day of _____, 2024

This NOTICE shall remain posted for a period of no less than three (3) years from the date signed.

**EXHIBIT B**